## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTHONY D. MOZONE,
                    Appellant,

          v.

DEPARTMENT OF LABOR,
                    Agency.

DOCKET NUMBER
NY-0752-07-0164-C-1
NY-0752-07-0100-C-1

DATE: May 20, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anthony D. Mozone, Brooklyn, New York, pro se.

Donyell Marie Thompson, Esquire, New York, New York, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his petition for enforcement.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        In early 2007, the appellant had two matters before the Board.  The first was a petition for attorney fees stemming from his successful appeal of a suspension.  *See Mozone v. Department of Labor*, MSPB Docket No. NY-0752-07-0100-A-1, Attorney Fees File (0100 AFF).  The second was a separate appeal stemming from his removal.  *See Mozone v. Department of Labor*, MSPB Docket No. NY-0752-07-0164-I-1, Initial Appeal File (0164 IAF).  The parties entered into a settlement agreement and submitted it into the records to dispose of both matters.  *See, e.g.*, *Mozone v. Department of Labor*, MSPB Docket No. NY-0752-07-0164-C-1, Compliance File (CF), Tab 20.  Among other things, the agreement provided that the removal action would be replaced with a resignation and the agency would provide a lump sum payment.  CF, Tab 20 at 2.  It also provided instructions pertaining to how both parties would handle future reference checks from prospective employers of the appellant.  *Id*. at 3.

¶3        The appellant filed a petition for enforcement in December 2013, alleging that the agency had breached the portion of the settlement agreement concerning reference checks.  CF, Tab 1 at 3.  He requested retroactive consideration for past vacancy announcements, damages, and reinstatement.  *Id*.  After collecting evidence from the parties, the administrative judge denied the petition for

enforcement. CF, Tab 21, Compliance Initial Decision (CID).[2] The appellant has filed a petition for review. *Mozone v. Department of Labor*, MSPB Docket No. NY-0752-07-0164-C-1, Compliance Petition for Review (CPFR) File, Tab 1. The agency has filed a response. CPFR File, Tab 4.

¶4    A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law. *Walker-King v. Department of Veterans Affairs*, 119 M.S.P.R. 414, ¶ 9 (2013). The party seeking enforcement of the settlement agreement bears the ultimate burden of showing that the other party breached the agreement. *Id*. To establish a breach of a settlement agreement, the petitioning party "must show material noncompliance" with a term of the contract. *Id*. (quoting *Lutz v. U.S. Postal Service*, 485 F.3d 1377, 1381 (Fed. Cir. 2007)). A party's breach of an agreement is material when it relates to a matter of vital importance or goes to the essence of the contract. *Id*.

¶5    In his petition for review, the appellant first questions the authenticity of the settlement agreement included in the record. CPFR File, Tab 1 at 2. In doing so, he notes that the administrative judge indicated that the National Record Center had misfiled the underlying appeal, requiring recreation of the file based on the Board's records. *Id*.; *see* CID at 1 n.1. However, the appellant has provided nothing more than speculation that the settlement agreement included in the record may be a prior draft, rather than the final version, without any argument or evidence supporting that possibility. CPFR File, Tab 1 at 2. Moreover, the copy of the agreement in the compliance file has the signatures of all relevant parties, including that of the appellant and the attorney that

---

[2] The appellant's petition for enforcement was initially docketed incorrectly. CID at 1 n.1. However, the administrative judge corrected the error by docketing the matter under the joined MSPB Docket Nos. NY-0752-07-0164-C-1 and NY-0752-07-0100-C-1. CID at 1; 5 C.F.R. § 1201.36(a), (b) (joinder of two or more appeals filed by the same appellant is appropriate where doing so would expedite case processing and will not adversely affect the parties' interests). They remain joined on review.

represented him at the time, which is inconsistent with his suggestion that it could be a prior draft. CF, Tab 20 at 6. That copy also matches the original included in the file for the appellant's prior removal appeal. 0164 IAF, Tab 22. Accordingly, the appellant's questioning of the veracity of the settlement agreement included in the record does not provide any basis for disturbing the initial decision.

¶6  The appellant next reasserts that the agency violated his privacy rights. CPFR File, Tab 1 at 3. When he raised this argument below, the appellant alleged that he happened to run into an agency employee, D.S., and that individual reportedly indicated that she had viewed the appellant's records because they were maintained in an unsecured area within the office.[3] CF, Tab 5 at 4-6, Tab 9 at 4, 11. The agency responded, in part, by providing a sworn declaration from D.S. in which she acknowledged having a brief conversation with the appellant after running into him. CF, Tab 18 at 4-7. However, D.S. denied that she had viewed any records pertaining to the appellant or told him otherwise. *Id.* The appellant seems to argue that the administrative judge should have conducted a credibility analysis to address this matter. CPFR File, Tab 1 at 4. However, the administrative judge dismissed the appellant's privacy argument, finding that the security of his records was not an issue that could be addressed in this enforcement action. CID at 10-11. We agree.

¶7  The Board does not have the authority to remedy all matters alleged to be unfair or incorrect; rather, the Board's authority is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Accordingly, even if the appellant had proven that the agency violated his privacy by leaving his personnel records unsecured in an agency office, that issue is beyond the scope of the instant enforcement action. *See Mobley v. U.S. Postal Service*, 55 M.S.P.R. 467, 474 (1992) (finding that the Board will not imply a

---

[3] Although the appellant's allegations did not specify what records were reportedly unsecured, he seems to imply that they were his employment records. CF, Tab 5 at 4.

term into an agreement that is unambiguous, and will not hear a party's complaints about matters that were not included in a settlement agreement).  The settlement agreement did not require the agency to store the appellant's records in any particular fashion, nor did it limit access of those records to certain agency employees.  CF, Tab 20; *cf. Doe v. Department of the Army*, 116 M.S.P.R. 160, ¶¶ 8-9 (2011) (recognizing that, when an agency has contractually agreed to provide an employee with a clean record, the Board recognizes an implied provision that precludes the agency's disclosure of information regarding the rescinded adverse action to third parties).  Accordingly, the agency's purported violation of the appellant's privacy cannot be addressed in this enforcement action.

¶8      The appellant also reasserts that the agency violated the settlement agreement by giving out his employment history to a prospective employer, Federation of Multi-Cultural Programs, Inc., verbally, when it should have done so in writing.  CPFR File, Tab 1 at 3.  We find that this argument does not provide a basis for review.

¶9      It appears that the only evidence the appellant presented to establish that the agency provided a verbal reference check to Federation of Multi-Cultural Programs, Inc., is a form generally stating that the entity verified the appellant's employment and personal references in July 2008.  CF, Tab 9 at 17, Tab 10 at 20.  The appellant has failed to identify any evidence to show that this included verification of his employment at the agency or prove that such verification, if it occurred, was verbal.  Moreover, the administrative judge properly concluded that the appellant, himself, was in breach of the settlement agreement because he failed to formally notify the agency in advance of this and other reference checks.  CID at 8-10.  While the settlement required the agency to utilize a previously agreed upon written reference, the appellant was required to "notify the Agency prior to any inquiries from non-[agency] employers for employment references."  CF, Tab 20 at 3.  Therefore, even if the agency provided a verbal verification of

the appellant's employment to Federation of Multi-Cultural Programs, Inc., as alleged, he is not entitled to any relief. *See Wofford v. Department of Justice*, 115 M.S.P.R. 367, ¶¶ 15-16 (2010) (recognizing the unclean hands doctrine, which "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant") (quoting *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945)).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[4]

You have the right to request further review of this final decision.

<u>Discrimination Claims: Administrative Review</u>

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

---

[4] The administrative judge did not provide the appellant notice of his mixed-case right to appeal his discrimination claims to the Equal Employment Opportunity Commission and/or the United States District Court. We notify the appellant of his proper appeal rights in this Final Order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012); *see also Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 25 (2015).

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                    _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.